FILED

2016 Sep-19  AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **WARREN SPEARS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:16-CV-902-VEH** |
| | ) | |
| **RAINSVILLE TECHNOLOGY,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION REGARDING
## ORDER APPROVING OFFER OF JUDGMENT AND
## DISMISSAL OF THIS CASE

On May 31, 2016, the Plaintiff, Warren Sparks, filed this action against Rainsville Technology, Inc. (Doc. 1). The Complaint alleges that the Defendant has "willfully and intentionally violated the [Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*] by failing to ensure that [the] Plaintiff was paid one and one-half times his regular hourly rate of pay for work performed during his unpaid meal breaks during weeks in which he otherwise worked forty hours or more." (Doc. 1 at 4) (Count One).

This case comes before the court on the parties' "Joint Notice of Acceptance of Offer of Judgment and Motion for Entry of Judgment." (Doc. 16). In that

document, the parties state that the Plaintiff has accepted the Defendant's offer of judgment made pursuant to Rule 68(a) of the Federal Rules of Civil Procedure. (Doc. 16 at 1). The offer of judgment is attached to the notice. (Doc. 16-2). Further, the parties state that "[t]he amounts offered in the offer of judgment constitute 100% of the backpay, liquidated damages, and attorneys' fees and costs, that Plaintiff can recover in this case." (Doc. 16 at 1-2).

The court has carefully reviewed and considered the materials submitted by the parties, and the court finds that the offer of judgment is a fair and adequate resolution of the plaintiff's claims. To the extent that the acceptance of the offer of judgment could be considered a "compromise" of the Plaintiff's claims, the court holds that the parties reached a fair and adequate compromise to resolve disputes over whether any overtime pay is due to the plaintiff, whether it is possible to accurately quantify any overtime the plaintiff may claim, and, by extension, whether plaintiff is entitled to any liquidated damages. The court agrees that the negotiated fees and expenses of plaintiff's counsel are fair and reasonable and do not reduce the amount the plaintiff is entitled to receive.

Further, the court expressly finds that the proposed attorneys' fees and expenses due to plaintiff's counsel under the offer of judgment are fair and reasonable, taking into account the "lodestar" method of calculating fees and the

2

factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). In the separate Final Order Approving Settlement and Dismissing Case, the court will award to plaintiff's counsel the fees, costs, and expenses consistent with the offer of judgment. Also in that order, the court will approve the offer of judgment. Approval of the offer of judgment is expressly subject to the court's retaining jurisdiction for a period of one hundred and twenty (120) days from the date of the order for purposes of enforcement of the offer of judgment and the acceptance thereof. The parties may proceed with execution of the terms of the offer of judgment, and the court will dismiss with prejudice this action.

**DATED** this 19th day of September, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge